Swing, J.
Patrick Tighe, the defendant herein, was found guilty of keeping open a place where intoxicating liquors were sold on Sunday, the first day of the week, September 4, 1892, in the village of Avondale, this county. This finding was made by Malcom G. Davies, police justice of said village. Said Tighe having been found guilty, said police justice ordered that said Tighe be imprisoned in the work house of said city for a term of ten days and to pay a fine of $50 and the costs.
While undergoing sentence, the said defendant Tighe, procured a writ of habeas corpus to issue from the court of common pleas of this county to the plaintiff herein, James Morgan, who was the superintendent of said Cincinnati workhouse, and who, as said superintendent, had the custody of said Tighe. Upon the trial, the court of common pleas found that the said Morgan unlawfully restrained Tighe of his liberty, and he was ordered to be discharged from the workhouse. To this judgment Morgan excepted, and now prosecutes this action seeking for a reversal.
*720 The only question in the ease is as to the jurisdiction of a police justice to hear and determine offenses against the laws of the state of Ohio. It is contended by counsel for Tighe —and this was the view taken by the court of common pleas —that police justices in villages have no authority to try and determine offenses against the state. Whatever power and jurisdiction a police justice has, is conferred by section 1831, Revised Statutes, as amended in 89 Ohio Laws, 138, which is as follows:
“In villages the council may, upon the recommendation of the mayor, by a vote of all the members elected, appoint some justice of the peace, resident of the corporation, police justice, who shall, during the term of office of such mayor, by a vote of all the members of the council, have concurrent jurisdiction of all prosecutions for violations of ordinances of the corporation, with full power to hear and determine the same, and shall have the same powers, perform the same duties, and be subject to the same responsibilities in all such cases as are prescribed in the preceding sections to be performed by and are conferred on the mayor of such corporations. ”
The mayor, in the preceding section, is given jurisdiction in certain offenses against the state, and the offense charged against Tighe is one of them, so that if Tighe had been tried and sentenced by the mayor of the village there could be no question as to his jurisdiction.
As we read section 1831, it confers on police justices the same power to hear and determine cases that the mayor has.
We see no reason to limit his jurisdiciton to violations of ordinances of the villages, as claimed ny counsel for Tighe, and at the same time leave offenses against the state to be tried by the mayor. The object of this provision of the law was evidently to enable the mayor, if he chose, to place the burden of trying cases upon some other person of his own choosing. It might be much of a relief, if he was still compelled to try state cases, and it certainly would not be an entire relief.
Why the police justice could not try state cases as well as village cases, we are unable to see, and it does not seem to us that the legislature has attempted by this section to make the distinction. The police justice is given full power to hear and determine violations of the village ordinances, and then in addition he is to have the same powers and perform the same duties in all such cases as are prescribed in the preceding section to be performed by the mayors, thus giving him fully all the jurisdiction of the mayors.
Shay & Oogan, for Plaintiff in Error.
Jordan Thomas, for Tighe.
It seems to us that this view is confirmed by section 1831, Revised Statutes, wherein, after prescribing as to the seal of said justice and names of signing processes, it provides, “and all the provisions of this chapter applicable to the mayor of a village, shall apply to such police justice. ” The-language cannot be limited to offenses against ordinances, but must include, as it sajrs,a]l the provisions of the chapter, and all the provisions of the chapter include the jurisdiction of mayors of offenses against the state.
The judgment of the court of common pleas was, therefore, in our judgment, erroneous, and the same will be reversed, and said cause remanded to said court for further proceedings.